CARMELA TUCCI *vs.* DONALD E. MACLAIN *et al.*

MARCH 15, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This is a bill in equity in which the complainant seeks to have the respondents, her adjoining landowners, restore a retaining wall between their respective properties, a part of which wall fell and the remainder of which was torn down by the complainant.

There are six respondents named in the bill, but two were not served and neither did they enter an appearance. The other four filed answers in which they left complainant to the proof of the allegations of her bill. They also allege that, without consulting them or their predecessors in title, complainant proceeded to repair, replace, or rebuild said wall and that all the damage was caused by her acts or those of her agents. These four respondents also filed cross bills in which they asked the court to order complainant to restore the wall.

The cause was heard in the superior court by a justice thereof, who denied the relief asked in the bill and granted that prayed for in the cross bills. From the decree entered in accordance with this decision, complainant has appealed

to this court. None of the parties specifically referred to the reasons of appeal and concerned themselves solely with the decision which is the foundation of the decree.

The complainant purchased her property shortly before the occurrences which gave rise to this bill. The property in question is located on the northerly side of Cottage street in the city of Providence, and the respondents' properties are at the rear thereof. The land naturally rises sharply near the back of complainant's property, and a number of years ago someone dug into the side of the hill at the rear of her property and put up a retaining wall which was variously estimated to be 10 to 20 feet in height at different places and approximately 70 feet long. The wall was what is known as a dry wall, and in the course of time soil sifted through it so that the rear of complainant's lot was built up several feet. However, long before she purchased the property the wall had been faced with cement, which apparently stopped further silting.

The complainant wanted to lower the grade on the back of her lot and she had two 12-foot walls constructed at the rear of the side lines thereof, which were to be connected by a new wall parallel with and a short distance from the old retaining wall. Her son took complete charge of the operation and engaged certain people to help him. The son first lowered the level of the back yard several feet. He then started to dig a trench for the new wall variously stated by him and his witnesses to be eight to ten feet from the old wall. Two of the respondents testified, however, they could see that the base of the old wall was exposed. Shortly after this operation started in close proximity to one end of the old wall, eight feet of it fell, whereupon complainant, acting through her son, had the rest of the wall torn down. Thereafter the bill of complaint was filed.

The respondents were not sure of the boundary, but complainant produced an engineer who made a survey soon after the wall fell and was torn down, and he testified that

part of the wall was clearly on respondents' properties and that he could not say any of it was on complainant's property. The trial justice found as a fact that the old wall was wholly upon respondents' properties. At the argument before us complainant admitted that respondents owned the wall and that it was on their land.

The complainant's son, who claimed to be an expert on construction, testified that they had to blast some of the rocks and that while they used a mechanical scoop, they were not near the old wall. One of the complainant's experts testified that had he been doing the work and knew the wall was not solid, he probably would have taken precautions against its falling. The complainant's son also stated that he knew it was not a solid wall. It is admitted that no notice whatever was given by complainant to respondents of the proposed operations or of the falling or tearing down of the wall.

The complainant has cited a number of cases from other jurisdictions on the law of lateral support, all of which were quite unnecessary because the law is well settled here. In *Prete* v. *Cray,* 49 R. I. 209, our law is stated in the opinion of the majority at pages 212-213 and in the opinion of the dissenter at page 218. The latter statement, which is substantially the same in content as the majority statement, but appears to us to be more succinct and pertinent to this case, reads as follows: "In making excavations one owes an absolute duty to furnish lateral support to the adjoining land so that it will not by its own weight settle or slide into the excavation. A showing that the excavations were made with reasonable care is no defense in an action for damages to the adjoining land. On the other hand, the law is well settled that one owes no absolute duty to provide lateral support sufficient to maintain the extra weight of the buildings on the adjoining land. There is, however, liability for damage caused to such buildings by excavations in a negligent manner."

The trial justice expressly found that the wall fell by reason of the negligent manner in which the excavation was carried on. The complainant's only justification for tearing down the rest of the wall was the fear that it might fall and do some damage. The tearing down of the wall was clearly a naked trespass, for which complainant had no defense. We heard some argument as to whether the law laid down in the third sentence of the above quotation applied here to the eight-foot section that fell, but in view of the trial justice's finding of negligence, which was fully warranted, we need not decide that question.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Ralph Rotondo,* for complainant.

*Semonoff & Semonoff, Ralph P. Semonoff, Charles F. Cottam,* for respondents.